Rhonda L. Baldwin
Constance Baldwin
30139 Gulf Stream Drive
Canyon Lake, CA 92587
P: 414-678-1335
F: 702-974-0147

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2013 OCT 29 A 8: 33

_____FILIPPO
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CONSTANCE N. BALDWIN AND RHONDA L. BALDWIN<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MILWAUKEE, DEPARTMENT OF NEIGHBORHOOD SERVICES, ART DAHLBERG, in his Individual Capacity and in his Official Capacity as DNS Commissioner, SPENCER COGGS, in his Individual Capacity and in his Official Capacity as City Treasurer, KENNETH GARBISCH, in his Individual Capacity and in his Official Capacity as Building Inspector, ALGARCIA, in his Individual Capacity and in his Official Capacity as Building Inspector JULIE BLOSMORE, in her Individual Capacity and in her Official Capacity as Building Inspector, ROES 1 through 20 and DOES 1 through 20, inclusive<br><br>Defendant | Case No.:<br><br>COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF, WITH JURY DEMAND |

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 1

# COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF, WITH JURY DEMAND

NOW COMES Plaintiff Constance Baldwin and Rhonda Baldwin who complains against Defendants City of Milwaukee Department of Neighborhood Services, art Dahlberg, Spencer Coggs, Kenneth Garbisch, AlGarciaand Julie Blosmore, as follows:

## INTRODUCTION

1) Plaintiff Constance Baldwin owned a commercial building located at 3825 N. Teutonia Avenue in the city of Milwaukee. The property was confiscated by default judgment tax foreclosure in 2013. This property is assessed at a total $36,400.

2) Plaintiff Rhonda Baldwin has an equity interest in the property Plaintiff Rhonda has an agreement to purchase the business and property from Constance. Payments were made towards the purchase. Plaintiff Rhonda Baldwin has made tax payments on the property.

3) Plaintiff Constance Baldwin did not actually receive notice of the pending tax foreclosure because the tax foreclosure notice was returned to the City of Milwaukee by the Post Office as unclaimed. Plaintiff does not know why the notice was unclaimed, plaintiff collects the mail at the property address.

4) Plaintiff Rhonda Baldwin did not actually receive notice of the pending tax foreclosure because the tax foreclosure notice was returned to the City of Milwaukee

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 2

Case 2:13-cv-01208-JPS   Filed 10/29/13   Page 2 of 18   Document 1

by the Post Office as unclaimed. Plaintiffs do not know why the notice was unclaimed, plaintiffs collects the mail at the property address

5) The City of Milwaukee knew of other addresses for Plaintiffs and their phone numbers where they could be reached by telephone. However, the City of Milwaukee made no further efforts to attempt to deliver the notice to Plaintiffs, even though it knew she did not receive it.

6) Plaintiff Rhonda Baldwin owns residential property located at 3275-77 N 21st Street in the City of Milwaukee.

7) There are pending foreclosure proceedings for this residential property.

8) Plaintiffs have received numerous code enforcement violation orders by defendants on both the residential and commercial property in retaliation.

9) Fines resulting from the code violations have been added to the tax bill for the residential and commercial property increasing the amount of taxes owed.

10) The City of Milwaukee has denied Plaintiffs first Amendment rights, in violation of of 42 U.S.C.§ 1983.

11) Defendant Blosmore, Garbisch and Garcia acted in concert and agreed to act to deny Plaintiffs civil rights in violation of 42 U.S.C.§ 1985.

12) Defendants have maliciously prosecuted Plaintiffs in retaliation.

13) The City of Milwaukee has denied Plaintiffs due process, in violation of 42 U.S.C.§ 1983. Plaintiffs are requesting that this Court enjoin Defendants from auctioning their commercial property and order them to release their property to them.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 3

14) Plaintiff Rhonda Baldwin is requesting that this Court enjoin Defendants from proceeding with foreclosure action until this case conclusion.

15) Plaintiff is requesting actual damages from all of the Defendants and punitive damages from the individual Defendants.

## JURISDICTION

16) This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331,1343,1367,2201 and 2202.

17) The Court has jurisdiction over the Defendants because the unlawful acts alleged in this complaint were committed in Milwaukee County, Wisconsin which lies within the Eastern District of Wisconsin.

18) Venue is proper in this Court pursuant to 28 U.S.C. 1391 because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in Milwaukee County, Wisconsin which lies within the Eastern District of Wisconsin and because Defendants conduct municipal business within the Eastern District of Wisconsin.

## PARTIES

19) Plaintiff Constance Baldwin currently is a resident of Montgomery, Illinois. She owned the commercial property at issue which is located in the City of Milwaukee.

20) Plaintiff Rhonda Baldwin currently is a resident of Milwaukee, WI she has an equity interest in the commercial property at issue located in the City of Milwaukee, and owns the residential property at issue which is located in the city of Milwaukee.

21) Defendants City of Milwaukee in their official capacity are duly constituted governmental entity pursuant to the laws of Wisconsin and the United States. At all

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 4

times relevant to this action, it has acted pursuant to its usual customs, practices, and policies.

22) Defendant Spencer Coggs is the City Treasurer of the City of Milwaukee. He is being sued in his individual and official capacities. At all times relevant to this action, he has acted pursuant to the usual customs, practices, and policies of Defendant City of Milwaukee.

23) Defendant Art Dahlberg, is the Commissioner of the Department of Neighborhood Services (DNS) for the City of Milwaukee. He is being sued in his individual and official capacities. At all times relevant to this action he has acted pursuant to the usual customs, practices, and policies of Defendant City of Milwaukee.

24) Defendant Kenneth Garbisch, is a Building Inspector in Department of Neighborhood Services for the City of Milwaukee. He is being sued in his individual and official capacities. At all times relevant to this action he has acted pursuant to the usual customs, practices, and policies of Defendant City of Milwaukee.

25) Defendant AlGarcia, is a Building Inspector in Department of Neighborhood Services for the City of Milwaukee. He is being sued in his individual and official capacities. At all times relevant to this action he has acted pursuant to the usual customs, practices, and policies of Defendant City of Milwaukee.

26) Defendant Julie Blosmore, is a Building Inspector in the Department of Neighborhood Services for the City of Milwaukee. She is being sued in her individual and official capacities. At all times relevant to this action she has acted pursuant to the usual customs, practices, and policies of Defendant City of Milwaukee.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 5

Case 2:13-cv-01208-JPS   Filed 10/29/13   Page 5 of 18   Document 1

## FACTS

27) Plaintiff Rhonda has a daughter that was employed as a Building Inspector for Department of Neighborhood Services from 1996 through 2000.

28) Plaintiff Rhonda and her daughter share the same name.

29) In 1999 Plaintiff's Daughter Ronda Baldwin filed a complaint with the EEOC for sex discrimination.

30) After receiving notice of the EEOC complaint the former Commissioner Lee Jensen began to take retaliatory action against Ronda Baldwin.

31) Ronda Baldwin was followed on her route by various supervisors.

32) Defendant Julie Blosemore told newly hired inspectors not to associate with Ronda Baldwin because she was a trouble maker and targeted by the department.

33) The EEOC came back with a charge of discrimination and found the department had violated Ronda Baldwin's civil rights.

34) Commissioner Lee Jensen was asked to retire and the Residential Department head Jeff Krause was transferred to a supervising position of 9 administrative employee.

35) Ronda Baldwin resigned from her position in 2000.

36) In about 2003 Plaintiff Rhonda purchased a home owned by the City of Milwaukee located at 3275-77 N. 21st Street.

37) The home was purchased in Plaintiff's sister's name Rochelle Baldwin.

38) When a property changes ownership a certificate of Code Compliance is needed. In order to obtain a Certificate of Code Compliance you need to pay a fee and have the property inspected by a Code Compliance Inspector.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 6

Case 2:13-cv-01208-JPS   Filed 10/29/13   Page 6 of 18   Document 1

39) Plaintiff Rhonda Baldwin and Rochelle Baldwin completed the necessary paperwork and paid the fee for the Certificate of Code Compliance Inspection.

40) Plaintiff Rhonda Baldwin lives at the property and has equity ownership of the property however Rochelle Baldwin has title. Due to this the property was not "owner occupied" under Milwaukee Code.

41) An the Certificate of Code Compliance inspector came out to 3275 N. 21st street to inspect, orders were issued to replace the missing storm windows and record the non-owner occupied property with contact information of property manager or contact information for owner.

42) Plaintiff Rhonda Baldwin complied with the order and replaced all missing and defective storm windows.

43) Plaintiff Rhonda Baldwin and Rochelle Baldwin complied with the order and recorded the property. Rhonda Baldwin was listed as an owner and contact person for property.

44) The Code Compliance Inspector abated the order and issued the certificate of code compliance and closed the file.

45) Shortly after the recording of the property Defendant Julie Blosmore called Plaintiff Rhonda Baldwin. Defendant asked to speak with Ronda Baldwin Plaintiff replied this is Rhonda. Defendant then replied this is not Ronda I know Ronda, you're lying, this is Ronda's property.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE
RELIEF, WITH JURY DEMAND - 7

46) Defendant Julie Blosmore had gone out to the property at some time before calling the Plaintiff and wrote up orders for repairs one being to paint the basement celling. Plaintiff Rhonda believed the orders to be excessive and false.

47) Plaintiff Rhondacontinued to have orders issued on the property.

48) Due to the constant orders being issued in about 2006 Rochelle Baldwin quit claimed the property to Plaintiff Rhonda in order to remove her name from the property.

49) Plaintiff Rhonda has been to court on the violations and fined,

50) Each time an order is abated another on was issued.

51) The Plaintiff Rhonda's mortgage payment went from $250 per month to $700 due to the fines assessed on the property form Department of Neighborhood services.

52) Plaintiff was served with a summons and complaint for back taxes on the property 3275-77 ( Exhibit A)

53) Plaintiff Constance had been the owner of the commercial Property located at 3825 N. Teutonia Ave, City of Milwaukee since 1973.

54) In about 2000, Plaintiff Constance started to fall behind in her property taxes on the property.

55) Plaintiff did continue to make payments on her back property taxes to avoid foreclosure.

56) In late 2000 Plaintiff Constance entered into an agreement with Plaintiff Rhonda, her daughter to purchase the building and take over the business.

57) Plaintiff Rhonda updated the recorded information with Department of Neighborhood services naming her as the contact.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 8

58) The Department of Neighborhood services issued orders on the commercial property.

59) Fines and penalties were assessed on the property drastically increasing the amount owed.

60) Plaintiff Rhonda continued to make payments on the back taxes to avoid foreclosure.

61) Plaintiffs Rhonda and Constance had received notice from the City of Milwaukee in the past that the property would be foreclosed if she did not redeem it by paying taxes to avoid foreclosure, Plaintiffs always complied and paid to avoid foreclosure. Notices were sent to Plaintiff's home address as well as the business address.

62) During the week of October 7, 2013, the owner of the business next door informed Plaintiff Rhonda that the City owned her building. He said it was taken by the City and he planned to buy it.

63) Plaintiff Rhonda called the treasurer's office to inquire about the status of her property.

64) The treasurer's office told Plaintiff Rhonda that the Foreclosure Notice sent by certified mail to 3825 N. Teutonia, Milwaukee 53206 was returned to their office by the Post Office as unclaimed.

65) Plaintiff Rhonda was told that she needed to appeal to pay $1,400 to file an appeal with the City Council.

66) Plaintiff Constance or Rhonda never received any notice that the City of Milwaukee had taken their property.

67) Plaintiffs intended the building to stay in the family.

68) Plaintiffs there are family heirlooms in the building.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 9

Case 2:13-cv-01208-JPS   Filed 10/29/13   Page 9 of 18   Document 1

69) Plaintiffs will be irrevocably harmed if the City of Milwaukee is allowed to sell their property.

70) The Commercial building is assessed $36,000, Plaintiffs owed $2,600 in unpaid taxes on the property (to avoid foreclosure).

71) Defendant has not provided Plaintiffs with adequate notice under the circumstances of their opportunity to defend the foreclosure of their property.

72) Plaintiffs were targeted by the Department of Neighborhood service in retaliation due to their relationship to Ronda Baldwin.

73) Without the assessed fines from the Department of Neighborhood services Plaintiffs would have been able to keep up with their property taxes.

### FIRST CLAIM FOR RELIEF

(Declaratory and Equitable Relief for Deprivation of Property Without Due Process of Law in Violation of 42 U.S.C. § 1983)

74) Defendants are state actors.

75) Defendants are acting pursuant to the usual customs, practices, and policies of City of Milwaukee in commencing tax foreclosures.

76) Defendants are depriving Plaintiffs of their property without due process of law by failing to provide Plaintiffs with adequate notice of the foreclosure proceeding against them.Defendants did not take additional steps to provide notice when the notice of foreclosure was returned unclaimed. *Jones v. Flowers, 547 U.S. 220*

77) Defendants were aware Rhonda Baldwin maintained an interest in the property (see Exhibit C)

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 10

Case 2:13-cv-01208-JPS   Filed 10/29/13   Page 10 of 18   Document 1

78) Defendant knew that Plaintiffs did not receive the notice of Tax Foreclosure. (See Exhibit D)

79) There is no evidence that Plaintiffs refused delivery of the Notice.

80) Defendants made no further attempts to serve Plaintiffs with the Notice of Tax Foreclosure after the Post Office returned the Original notice as unclaimed.

81) Plaintiffs continued to receive regular mail at the property, had Defendants followed up by sending a copy regular mail Plaintiffs may have been in a better position of receiving the foreclosure notice.

82) Defendant made no further attempts to serve Plaintiff with the Notice of Tax Foreclosure after the Post Office returned the original notice as unclaimed.

83) The Department of Neighborhood services was aware of Plaintiffs home address. Building code violation orders regarding Plaintiffs home were sent to 3825 N. Teutonia.

84) Other addresses for Plaintiff Rhonda and her phone numbers were on the public record. Several of the orders for both the Commercial property and Plaintiffs residence were litigated in Milwaukee County circuit court. The City was aware of Defendants home address.

85) The Courts were aware of Plaintiffs Attorney and his contact information. Defendants had access to the Court information.

86) The Defendants made no attempt to communicate with Plaintiff at her known phone numbers.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 11

87) Department of Neighborhood services maintains a property file with all contact information, litigation records for this property and all other property associated plaintiff.

88) Plaintiff has never seen the Notices of Tax Foreclosure, Plaintiff Rhonda Baldwin went to the city Treasurer's office to request a copy of the notice sent. Karry a supervisor in the foreclosure department refused to give Plaintiff Rhonda a copy unless she signed the certified mail receipt. Plaintiff felt that was improper, since she was not a Post Office representative and did not sign.

89) The Defendant never served Plaintiffs with Notice of Entry of Default Judgment against them.

90) This Court should declare, pursuant to 28 U.S.C §2201 and 2201, that Defendants City of Milwaukee and Spencer Coggs have not provided Plaintiffs with adequate notice of the foreclosure proceeding against her, in violation of the Fourteenth Amendment and 42 U.S.C § 1983.

91) Defendants are liable to Plaintiffs for injunctive relief for their violations of 42 U.S.C. § 1983 and the Fourteenth Amendment.

92) Defendants are liable to Plaintiffs for their reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF
(Damages for Violations of 42 U.S.C § 1983)

93) Defendant Spencer Coggs, in his official capacity as City Treasurer, was aware the The City of Milwaukee did not give actual notice of the 2013 tax foreclosure action.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 12

The City did not take additional, practicable steps to provide notice when notice of foreclosure action was returned unclaimed.

94) Defendants Spencer Coggs caused Plaintiffs property to be foreclosed.

95) All Defendants are liable to Plaintiffs for their actual damages, pursuant to 42 U.S.C. § 1983.

96) Defendant are liable to Plaintiffs for punitive damages, pursuant to 42 U.S.C. § 1983.

97) Defendants are liable to Plaintiffs for their reasonable costs and attorney's fees, pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF
(Conspiracy Violations of 42 U.S.C § 1985)

98) Upon information and belief Defendants DNS, Garbisch and Garcia knew of and agreed to, or acquiesced in, Blosmore's actions in targeting Plaintiffs properties for prosecution for the purpose of retaliating against Ronda Baldwin(junior) and failed to remedy the wrongs being perpetrated by Blosmore.

99) More, upon information and belief, Defendant DNS created a policy or custom under which Blosmore practices occurred and allowed the policy or custom to continue.

100) Defendants, DNS, Garbisch, Garcia and Blosmore acted in concert, engaged in discreet overt acts, and agreed to act to deny Plaintiffs their due process rights.

101) Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. In particular they have incurred additional tax fees, loss of property in foreclosure, taken time away from their business and suffered injuries but not limited to: inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 13

pain and suffering and all legal expenses necessary in defending the municipal Court Charges.

102) Defendants actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, rights or Plaintiffs. Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants or to deter Defendants and others similarly situated from like conduct in the future.

103) Plaintiff is entitled to recover from Defendants reasonable attorney fees, as Provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs requests that this Court, after a trial by jury of their claims, enter judgment against Defendants DNS, Garbisch, Garcia and Blosmore, jointly and severally, for Plaintiffs' actual damages, nominal damages and exemplary or punitive damages as are proven at trial, their reasonable attorney fees and costs incurred herein, and for any such further legal and equitable relief as this Court deems appropriate.

### FORTH CLAIM FOR RELIEF
(Malicious Prosecution)

104) Defendants DNS, Blosmore, Garbisch and Garcia instigated, promoted and encouraged the order writing and prosecution of Plaintiffs all without probable cause to do so, for the purpose of harassing and intimidating the Plaintiffs. Defendants, in so doing, were motivated by bad faith and malice.

105) Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. In particular they have incurred additional tax fees, loss of property in

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 14

foreclosure, taken time away from their business and suffered injuries but not limited to: inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional pain and suffering and all legal expenses necessary in defending the municipal Court Charges.

106) Defendants actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, rights or Plaintiffs. Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants or to deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs requests that this Court, after a trial by jury of their claims, enter judgment against Defendants DNS, Garbisch, Garcia and Blosmore, jointly and severally, for Plaintiffs' actual damages, nominal damages and exemplary or punitive damages as are proven at trial, their reasonable attorney fees and costs incurred herein, and for any such further legal and equitable relief as this Court deems appropriate.

**FIFTH CLAIM FOR RELIEF**
(Intentional Infliction of Emotional Distress Blosmore, Garbisch and Garcia)

107) The actions of DefendantsBlosmore, Garbisch and Garcia in targeting the Plaintiffs property were done in bad faith and with malice, and with the sole intent of causing Plaintiffs extreme emotional distress and were under the circumstances, extreme.

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 15

Case 2:13-cv-01208-JPS   Filed 10/29/13   Page 15 of 18   Document 1

108) Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. In particular they have incurred additional tax fees, loss of property in foreclosure, taken time away from their business and suffered injuries but not limited to: inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional pain and suffering and all legal expenses necessary in defending the municipal Court Charges.

109) Defendants actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, rights or Plaintiffs. Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants or to deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs requests that this Court, after a trial by jury of their claims, enter judgment against Defendants DNS, Garbisch, Garcia and Blosmore, jointly and severally, for Plaintiffs' actual damages, nominal damages and exemplary or punitive damages as are proven at trial, their reasonable attorney fees and costs incurred herein, and for any such further legal and equitable relief as this Court deems appropriate.

## JURY DEMAND

Pursuant to FRCP 38, Plaintiffs demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Rhonda Baldwin and Constance Baldwin respectfully prays that this Honorable Court:

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 16

A) Declare that Defendants have violated the 14th Amendment and 42 U.S.C. § 1983 in foreclosing and attempting to sell Plaintiff's Property.

B) Enjoin Defendants from auctioning Plaintiffs property that was foreclosed upon.

C) Order Defendants to release the Teutonia Property to Plaintiff in return for payment of unpaid taxes, interest and reasonable costs.

D) Order all Defendants to Pay Plaintiff her actual Damages in an amount to be determined by the jury.

E) Order Defendants Blosmore, Garbisch and Garcia to pay Plaintiffs punitive damages in an amount to be determined by the Jury

F) Order Defendants to pay Plaintiff pre and post judgment interest in an amount authorized by law.

G) Order Defendants to pay Plaintiffs' reasonable costs and attorney's feesand

H) Order such further relief as is just equitable and necessary.

I) Order the City of Milwaukee to refund the purchase price and take back the North 21st property.

Dated this 28 of October, 2014

*Constance Baldwin*
Constance Baldwin


*Rhonda L Baldwin*
Rhonda Baldwin

COMPLAINT FOR DAMAGES, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BIVENS ACTION, DECLARATORY JUDGMENT , AND INJUNCTIVE RELIEF, WITH JURY DEMAND - 17



# The Law Offices of
# BRIAN CAMPBELL & ASSOCIATES

31566 Railroad Canyon Road, Suite 2 #681
Canyon Lake, CA 92587
Phone: (951) 246-1017
Facsimile: (951) 244-2816
Email: bcalaw@aol.com
www.bcalaw.us

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Luann Doyle | Brian Campbell |
| COMPANY: | DATE: |
|  | 10/25/2013 |
| FAX NUMBER: | TOTAL NO. OF PAGES, INCLUDING COVER: |
| 1-414-571-7086 | 18 |
| PHONE NUMBER: | SENDER'S PHONE NUMBER: |
|  | 951-246-1017 |
| RE: | SENDER'S FAX NUMBER: |
| Rhonda Baldwin | 951-244-2816 |

☐ *Urgent*   **For Review**   ☐ *Please Comment*   ☐ *Please Reply*   ☐ *Please Recycle*

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED OF CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT OF THE RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTING OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

COMMENTS: